May it please the Court. Brent Renneson for Carla Freeman. I'd like to reserve two minutes. The government's position is that the second sentence of the immediate relative definition limits the first. In this case, however, we're dealing with a spouse who is a first sentence spouse within that definition, the definition in eight U.S. code 1151B. The second sentence of that immediate relative definition sets out a separate and distinct self-petitioning right not seen in the first sentence. It deals with an alien spouse who was married at least two years. And we're not dealing with that situation in this case. That is, that section does not modify or limit the first sentence. In this case, there was an adjustment of status application filed along with the petition by the U.S. citizen. And that takes us to eight U.S. code 1255, the adjustment of status statute, which is found on page 15 of our opening brief. And Mrs. Freeman qualifies for adjustment of status under that statute. She meets all of the requirements. She filed an application. She's admissible. She's eligible. And a visa number was immediately available when the petition was filed. And that's the wording. Counsel, how do you get around the waiver? Your Honor, the visa waiver program? The one she signed, not the visa waiver program. The language of the visa waiver is that she waives any rights to review or repeal an immigration officer's determination as to my admissibility. She is applying for a status adjustment under Section 245A, which is the change of status for the purpose of changing to, quote, an alien lawfully admitted for permanent residence. Has she not waived her claim for review of that status by signing the waiver? She has waived that and subsequently applied for adjustment of status, which she was allowed to do under the statute. No, no. My my question to you is, is not the textual breadth of the waiver so broad as to bar her from seeking review here? No, Your Honor. Why? Because she is in within a limited group of aliens allowed to apply for adjustment of status. Once she applies, she is taken out of the 217 section. I'm not talking about whether she fits in one statute or another. I'm talking about the affirmative defense of waiver. Has she not waived her ability to seek review by writing her name under the waiver language, which the service, I guess they'll call something else, put in? We believe that the waiver was completed. Yes. And that if she were not to have applied for any status, she would be removable under the visa waiver provisions, just as anyone who comes in on that program is subject to its provisions. Why is she not barred under the language of the waiver? The waiver exists for the visa waiver entrant. Only at the port of entry? Is that your argument? No. In fact, that is one aspect of the waiver. I mean, is your argument that the words at port of entry in the statute limit the legal ability of the service to require a waiver any broader than the statute? Your Honor, the waiver, we're not talking about in this case the admissibility issue because she was admitted, just the deportability aspect. And we don't believe that she has waived it for that portion, particularly because she also applied for adjustment of status. They were placing her in a separate class of aliens. I know she applied for adjustment of status. I won't take any more of your time. But is your position that the waiver is somehow limited by the statute? The language of the waiver as to my admissibility means to the extent that the INS could request a waiver under the statute? Yes. Okay. Could you come back, coming back to your first sentence, second sentence rubric. Under the second sentence, it invokes the two-year marital status, which shows up in other parts of the act and otherwise. Can you address why two years isn't some sort of automatic congressional cutoff that we should read the statutes as essentially incorporating? Yes, Your Honor. The two years came into effect in 1986 in the Marriage Fraud Amendments and it's seen in various places in the act. The odd thing is that if Mrs. Freeman had been approved for her adjustment of status one day prior to her husband's death, she would be a permanent resident and she would have been married less than two years at the time of his death. The government's position would not be that they could take that status away. Further, spouses who are married for less than two years also have a waiver provision. The two-year requirement is just really, in this case, leading us down a path that we don't have to go down because by the terms of the statute, she does not fall within that coverage. Okay. Well, why did you say you wanted to save time? Yes. Could I ask one question before that? When she was allowed to stay in the country, she was given a permit to work here. Was there any term to that permission to stay in the country or any condition on it? I couldn't find any in the record. There isn't any condition or term. Pending applicants for adjustment of status are allowed to work, remain here indefinitely until the discretion is exercised. And in this case, we're asking not for the court to ask the government to approve this application, but for the court to ask the government to exercise its discretion. It has not done so in this case. We ask that the court give direction to the government that it can exercise discretion because it's the government's position that it cannot. Good morning, Your Honors. Good morning. It is with some trepidation that I launch into this argument because I spent yesterday reading the Real ID Act. And as the court knows, you have to examine your jurisdiction at every stage of the proceedings. So I cannot go without mentioning the fact that does the Real ID Act apply to this particular situation? And I'm not sure I can tell you the answer to that. The Real ID Act basically took away jurisdiction from the district courts of all petitions for writs of habeas corpus under 28 United States Code section 2241 and made the exclusive remedy petitions for review under 8 U.S.C. 1252. This court has recently cited three cases covering the issue that wasn't covered in any of the notes to the legislation with regard to cases that were on appeal. And this court has held that cases that were on appeal from habeas corpus decisions would be treated as petitions for review. I thought if there was an appeal like this from denial of a writ that we just view it as if it were a petition for review. That is what you have decided. But then the next question becomes that statute says the review is limited to the administrative record. And I think there's enough evidence in this before this court that you can treat it as a petition review. And I think that's what you need to do. So it seems to me. Tell me if I'm wrong in this. If we. And I know you argued the opposite. But that if we determine that the court made a mistake. That in other words that she was entitled to challenge her removal. Then on the second issue of whether the statute two year period bars that it might be that under Ventura we can't even get into that issue and we should just remand. That's a possibility judge. Of course the question then becomes who you're going to remand it to. The agency the district. Well I don't know. I guess. Yeah I don't think I know the answer to that. Ventura remand is not for the purposes of remanded to the district court. It's the rationale of Ventura. Right. And see that. That's why I said this is a naughty question. I think that a lot of lawyers are out there waiting for the answer. Although it's a narrow window. It's only the cases that were on appeal at this particular time. So if I may just finish this this one thought. Is it your suggestion that we remanded to the BIA when there's been no hearing. I know I am. I am not because this particular case didn't go to the BIA. I know that's why you have to. I think the record you have in the statutes allow this was the district director's decision. And the question you have to resolve I think is under a USC 11 87 waiver. Does the term in the second paragraph remove mean that the Real ID Act applies. Is it a removal action. And also the regulation 8 USC 12 17.4 B1 where it shall be removed. So the first issue is this a removal proceeding because it's not what Congress envisioned. Congress envisioned the classic immigration court to the BIA to you to the Court of Appeals. OK. It wasn't it wasn't a classic situation because of the visa waiver program. Correct. But if we were to decide that because of the immediate relative petition she got out of that visa waiver program restraint. And she should have had an IJ hearing. Then what do we do. Then I think that's what you have to do. Remand it back to the agency or dismiss it and let the client file an immigration court. Because you know remand generally is would be the district court. Now the district court wouldn't have jurisdiction of a 22 41. I believe that's your answer. But as I said I haven't read any cases on it yet. What would be the scope of the what would be the purpose of the remand. Well for the IJ what would the IJ then be determined. Well just to exercise discretion. Then he'd be back to the. And as the court said earlier I I have gone far afield and I don't mean to. I want to get back now to that's OK. I finish your thought because if we have to grapple with this I'd like to know where we close the loop. Under the Ventura remand type of proceeding there's some factual or expertise aspect. And you're saying that what is going back for then under Ventura type remand would be to the IJ. So I believe the agency would need to file a notice of action which would cause it to go the immigration service. And there would be a determination about the waiver and whether or not her applying. Actually her husband applying for an I-130 petition by an alien relative and whether or not the I-1485 could or should have been granted. Can a administrator or executive of the husband's estate substitute in as the petitioner. I have never read a case to that effect and I would think not because it. Well the I-130 is a document that basically is given to what we used to call the immigration INS and now you call the service. It's a document that goes to the government agency that says I want you to agree with me that this is my wife or this is my child. And it's a certification that that status exists which allows you then as the alien to apply to adjust your status to that of a lawful permanent resident alien. This particular person was here on a visitor's visa. She was not a lawful permanent resident alien and she was required to leave the United States after 90 days. I hope I've answered your question. But if I could go back now hopefully I have addressed which is going to come up in the next case. This Real ID Act and the potential jurisdictional issues. As this court said this young lady I mean this is unfortunate circumstances I agree. And unfortunately the law is the law. It's like well that's what we're supposed to try to decide. So the question is what's what's your response. At least my question is with respect to the construction of the relative petition. What's wrong with petitioners reading about first sentence second sentence that she basically has been under the aegis of her husband's petition. And the fact that he dies should not throw her into the second sentence which is for those where no petition for a relief has been filed by the husband. Well I joined Judge Tanner in reading that statute to say that Judge Tanner deferred. He didn't enter. He deferred to the agency. So and there's some question about our Chevron difference. So what's my analysis. My reading of that statute is that on its face it says you have to be married two years first. And then if you're married two years and your husband dies and you haven't applied for a chain adjustment of status you may do that within two years. That's what I would say. You have to be married two years to be a spouse. The way I read it in the case of a man who has a spouse of a citizen of the United States for at least two years at the time of the citizen's death. That at least two years I believe is a qualifier for the second that you have to file within two years. Reasonable minds can differ on the reading of the statute. That's the way I read it. That's the way the agency read it. So you'd say it's ambiguous or it's absolutely clear. To me it's absolutely clear. Even though reasonable minds could differ. Yes. Because my reasonable mind doesn't differ. Others may disagree with me. All right. And I'm running out of time. As I said, this is an unfortunate circumstance for this woman. It's too bad the law is as it is. But I believe when she entered the United States, entered and signed the waiver, that she overstayed her visa. She wasn't married for two years. And it's time for her to go. Even though that would distinguish them. She signed the waiver. And so, therefore, you're not saying that the waiver prevents her from getting review of any part of this? Or are you? In other words, you're saying that once the husband applied for adjustment of status, that she's still bound by the waiver? So that because she came under the preferential program, she has lesser rights than somebody who didn't? Yes. That's an interesting position for the government to take. Okay. Thank you, Commissioner. And may I just conclude? You still have a little bit of time. If the husband's petition was about to be approved or had been approved, let's say we'll take the hypothetical that the petitioner argued that even though they hadn't been married two years, it was granted. Therefore, she was now a lawful permanent residence under her husband's auspices. Even though they hadn't been married two years. That scenario is a legally permissible and practically achievable status. Is that correct? That's my understanding. Although I have not asked the agency whether they wait for two years before they grant those or not. There's no evidence in the record to suggest that way. No, absolutely not. Okay. So the conundrum is that if he had died the next day after, even though they'd only been married 18 months, let's say, two years' talismanic aspect wouldn't make any difference. That's correct. The analysis that the Appellant's Counsel made would be correct. Okay. Thank you. Okay. You can respond on the Real ID Act if you have a view on it, too, since that's an argument that's just been advanced. You can take a couple minutes on that if you care to. Yes, Your Honors. My time is very short, and just with respect to Real ID, I don't think it makes any material difference here. The current state of this, the Immigration Court itself will generally not rule on I-130 petitions. They don't have jurisdiction of the regulations. The agency has jurisdiction generally for both petitions and applications for adjustment of status, but the Immigration Court only has adjustment of status. So some action would need to be taken by the agency itself. So the remand, if we were to, you said you wanted the agency to exercise discretion. Let's assume we agreed with you and kicked it back down. The remand would be to the BIA, in your view? Again, the BIA also is limited in its regulations.  The district director appears to be the director. I think there's a misunderstanding here in the government's reasoning about this. The person doesn't have to be married for two years in order for the government to act. A government can act days, weeks, months, however long it wants to take. It can act right away on a marriage that's one day old. It can approve somebody for permanent residence, and I think that is an error here. I see that I'm out of time. Thank you very much. We thank both counsel for their arguments, and we will submit the case.
judges: Fisher, Gould, Bea